**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION<br>d/b/a U.S. BANK EQUIPMENT FINANCE | **)**<br>**)**<br>**)** | |
| Plaintiff, | **)** | Case No: _____ |
| | **)** | |
| v. | **)** | |
| | **)** | |
| UH ASIA LLC | **)** | |
| | **)** | |
| and | **)** | |
| | **)** | |
| UKTAM HAMIDOV | **)** | |
| | **)** | |
| Defendants, | **)** | |
| | **)** | |

**COMPLAINT**

COMES NOW, U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance,

("Plaintiff" or "U.S. Bank"), by and through counsel, and for its Complaint against Defendants

UH ASIA LLC ("UH Asia") and UKTAM HAMIDOV ("Hamidov") (collectively

"Defendants"), states as follows:

**PARTIES**

1. U.S. Bank is a national bank organized under the laws of the United States. U.S. Bank

   maintains its charter in the State of Ohio and its main office is located in Cincinnati,

   Hamilton County, Ohio.

2. Defendant UH Asia is a company organized under the laws of the Commonwealth of

   Pennsylvania.  UH Asia's principal place of business is located at 1112 Harper Drive,

   Warminster, PA 18974.

3. Upon information and belief, Defendant Hamidov is a citizen of the Commonwealth of

   Pennsylvania and is domiciled at 828 Red Lion Road, APT 4A, Philadelphia, PA 19115.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to U.S. Bank's claims occurred in this judicial district, Defendant UH Asia maintains their principal place of business in this judicial district, and Defendant Hamidov resides in this judicial district.

**COUNT I – BREACH OF CONTRACT**

6. The allegations in paragraphs 1 through 5 of this Complaint are incorporated herein by this reference as if set forth fully herein.

7. On or about March 1, 2022, a non-party, BMO HARRIS BANK N.A and Defendant UH Asia entered into a Loan and Security Agreement ("Agreement").  A copy of the Agreement is attached hereto and incorporated herein as EXHIBIT 1.

8. Pursuant to the Agreement, BMO HARRIS BANK N.A agreed to finance Defendant UH Asia's purchase of a 2022 Cascadia-Series Freightliner (Serial No. 3AKJHHDR9NSND2589) (the "Equipment"). *Id.* pg. 1.

9. The Agreement was subsequently assigned to U.S. Bank. A true and correct copy of the Assignment Agreement is attached hereto as Exhibit 2.

10. In order to secure payment of the debt, Defendant UH Asia granted a security interest in the Equipment to U.S. Bank. *See,* EXHIBIT 1, pg. 2, ¶ 2.1.

11. Additionally, in order for U.S. Bank to secure payment of the debt, Defendant Haminov executed a Personal Guaranty of the debt. *See,* EXHIBIT 1, pg. 6.

12. Pursuant to the terms of the Agreement, Defendants were obligated to make sixty (60) equal monthly payments in the amount of $3,461.21. EXHIBIT 1, pg. 1.

13. Defendants breached the Agreement by failing to make all payments as they came due, and as a result, the Agreement is in default.

14. As of July 14, 2025, the amount due and owing from Defendants to Plaintiff is $95,010.20. *See* EXHIBIT 3, Prayer for Damages Worksheet.

15. Pursuant to ¶¶ 5.1-5.2 of the Agreement, upon the event of default, Plaintiff can terminate the agreement and require Defendants to pay the unpaid balance of the agreement, including any future payments to the end of the term. *See,* EXHIBIT 1, pg. 3, at ¶¶ 5.1-5.2.

16. The Agreement further provides that Plaintiff may recover default interest on any unpaid amount at the rate of 1.5% per month. *Id.* at pg. 3, ¶ 5.3.

17. The Agreement further provides that in the event of any dispute or enforcement of rights under the agreement, Defendants are responsible for payment of Plaintiff's reasonable attorney's fees and all other legal expenses incurred. *Id*. at pg. 3, ¶ 5.2.

18. Despite demand, Defendants failed or refused to make the payments required by the Agreement.

19. By virtue of default on the Agreement, Defendants are indebted to Plaintiff in the amount of $95,010.20, plus interest accruing from July 14, 2025 at the rate of 18% *per annum* ($46.85 per diem) until paid, plus other costs, fees, and attorneys' fees due per the Agreement.

**WHEREFORE**, as to Count One, Plaintiff U.S. Bank  National Association, d/b/a  U.S. Bank Equipment Finance, demands judgment against Defendants UH ASIA LLC and UKTAM HAMIDOV, jointly and severally, in the amount of $95,010.20, plus contractual interest accruing

at the rate of 18% *per annum* ($46.85 per diem) from July 14, 2025 until judgment, plus post judgment interest, costs, reasonable attorneys' fees, and any and all other such relief the Court deems appropriate.

## COUNT II – REPLEVIN

20.    U.S. Bank adopts and incorporates herein the allegations contained in ¶¶ 1-19 as though fully set forth herein.

21.    This claim is brought pursuant to Rule 1073 to recover the Equipment, made applicable to this proceeding pursuant to 28 U.S.C. § 1652, as the Equipment is located in Pennsylvania.

22.    The fair market value of the Equipment is approximately $71,000.00, depending on its condition.

23.    Pursuant to the Agreement, Defendants granted U.S. Bank a security interest in the Equipment. *See,* Exhibit 1, pg. 2, ¶ 2.1.

24.    Pursuant to the Agreement, upon a default, U.S. Bank is entitled to possession of the Equipment. *Id.*

25.    U.S. Bank has been unable to secure the Equipment by peaceful means.

26.    Defendants are wrongfully and unlawfully detaining the Equipment.

27.    U.S. Bank has made demand upon Defendants for the return of the Equipment, but Defendants have failed or refused to return same.

28.    U.S. Bank will suffer irreparable damages if the Equipment is not returned to U.S. Bank, because Defendants have been unable to pay the amounts owed to U.S. Bank, such that U.S. Bank's only recovery is likely to be from a sale of the Equipment.

29.    Upon information and belief, the Equipment is located at 1112 Harper Drive, Warminster, PA 18974.

30. U.S. Bank's right to possession of the Equipment is superior to the rights of Defendants.

31. Accordingly, U.S. Bank is entitled to move for the issuance of a writ of seizure upon notice and hearing, seeking a writ directing the United States Marshal or other lawful authority to use all necessary force to recover the Equipment, or any portion thereof from 1112 Harper Drive, Warminster, PA 18974 or any other location where the same may be found. If the Equipment is not repossessed, a judgment for damages may be entered against Defendants for the value of the Equipment not so returned, plus interest and any attorneys' fees and costs authorized by law, as well as all other and further relief which this Court deems just.

WHEREFORE, U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, respectfully requests that this Court upon notice and hearing on motion for writ of seizure enter: 1) a writ of seizure directing the United States Marshal and/or Sheriff, or other lawful authority to use all necessary force to recover the Equipment or any portion thereof from 1112 Harper Drive, Warminster, PA 18974 or any other location where the Equipment may be found; and 2) if the Equipment is not recovered, a judgment for damages, jointly and severally, against Defendants UH ASIA LLC and UKTAM HAMIDOV, for the value of the Equipment, plus interest, and any attorneys' fees and costs authorized by law, as well as all other and further relief which this Court deems just.

THE LAW OFFICES OF RONALD S. CANTER, LLC

Dated: July 2, 2026

/s/ Ronald s. Canter

Ronald S. Canter, Esquire (#94000)
2200 Research Blvd., Suite 560
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: rcanter@roncanterllc.com
*Attorney for Plaintiff*